IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES DALE ALDAY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:16-cv-134-WTM-GRS |
| | ) | |
| CIRCLE K STORES, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION TO REMAND TO THE STATE COURT OF CHATHAM COUNTY, GEORGIA

**COMES NOW, JAMES DALE ALDAY,** Plaintiff in the above-styled matter, and respectfully moves this Court to remand this case to the State Court of Chatham County, Georgia, from which the Defendant has attempted remove it to this Court.  In support of this Motion, Plaintiff shows the following:

### Facts

Plaintiff originally filed this action on February 23, 2016 in the State Court of Chatham County, Georgia.  The Defendant was served with a copy of Plaintiff's Complaint shortly thereafter on February 26, 2016.  Defendant timely filed its Answer and a separate demand for trial by a jury of twelve on March 23, 2016.  Since then, both parties have served and responded to extensive written discovery requests from the other.  However, no other pleadings have been filed by either party.

On June 7, 2016, some 102 days after Defendant was served with Plaintiff's Complaint, Defendant filed in this Court a Notice of Removal under 28 U.S.C. §1441 and §1446.  Defendant's

1

Notice of Removal states that there is complete diversity of citizenship for purposes of 28 U.S.C. §1332(c)(1)[1] and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]  Defendant therefore contends that this action is properly removable to this Court pursuant to 28 U.S.C. §1441(a), 28 U.S.C. §1446(a) and (b) and, in accordance with 28 U.S.C. §1332(a). However, as shown below, Defendant's removal of this action to this Court was filed untimely and should not be permitted because the 30-day period allowed for removal by 28 U.S.C. §1446(b) expired long before Defendant filed its Notice of Removal in this Court.  Removal of this action to this Court is thus improper, and the case should be remanded to the State Court of Chatham County, Georgia.

### Argument and Citation of Authority

The first paragraph of 28 U.S.C. §1446(b) controls the time for removing cases from a state court to a federal court.  It requires that the notice of removal of a civil action or proceeding be filed within 30 days after the receipt by a defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 30 days after the service of the summons upon the defendant when the initial pleading has been filed in state court and is not required to be served on the defendant, whichever period is shorter.

The second paragraph of 28 U.S.C. §1446(b) supplements the 30-day removal period

---

[1]  *See* ¶3 of Defendant's Notice of Removal.  Plaintiff is a resident and citizen of Georgia, and Circle K Stores, Inc. claims to be a citizen of both Texas and Arizona, so Plaintiff agrees that there is complete diversity for purposes of 28 U.S.C. §1332.

[2]  *See* ¶4 of Defendant's Notice of Removal.  Plaintiff also agrees that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, but as shown below, both the Defendant's insurer and Defendant's legal counsel in this case were well aware that the amount in controversy here exceeds the minimum jurisdictional amount for removal before Defendant's Answer was filed on March 23, 2016, i.e., at least some 76 days before the Notice of Removal was filed in this Court on June 7, 2016.

described in the first paragraph of the statute and covers only the period for effecting removal to federal court following the receipt or filing of the initial pleading.  The second paragraph of Section 1446(b) provides that:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order ***or other paper*** from which it may **first** be ascertained that the case is one which is or has become removable. *(emphasis added).*

It is this "***or other paper***" provision of Section 1446(b) – from which the Defendant could **first** ascertain that the case is removable – which is at issue here.

Defendant would have this Court incorrectly believe that simply because Plaintiff's Complaint did not state a specific number or amount in his demand for recovery of monetary damages, Defendant was not otherwise already aware that the monetary value, or amount in controversy, of Plaintiff's claim exceeded $75,000.00 until Plaintiff responded to Defendant's Interrogatories and Request for Production of Documents (which were timely served) on Defendant on May 9, 2016.[3]

---

[3]  The actual dollar amount of Plaintiff's claim does not have to appear on paper in a lawsuit for the defendant to be aware that the amount in controversy exceeds the minimum jurisdictional amount. *Century Assets Corp. v. Solow*, 88 F.Supp. 2d 659 (E.D. Tex. 2000).  Although Plaintiff's responses to Defendant's Interrogatories and Request for Production of Documents provided Defendant's counsel with a list of Plaintiff's medical providers, as well as copies of Plaintiff's medical records and billing statements (and advised that Plaintiff may possibly incur as much as $300,000.00 or more in total medical expenses), Defendant's insurer, Travelers Insurance Company, **and Defendant's legal counsel** in this case were already well aware of this information because Plaintiff had previously sent copies of these very same documents (along with lost income information) to Defendant's insurer before this lawsuit was filed.  These documents were attached to an extensive written settlement offer that Plaintiff's counsel sent to Defendant's insurer, Travelers Insurance Company, on February 8, 2016.  (A copy of Plaintiff's settlement offer letter – without the voluminous records and bills – is attached hereto as Exhibit "A").  Travelers received this letter on February 9, 2016.  (A copy of the UPS shipping label and proof of delivery are attached as Exhibit "B").

**Importantly,** a copy of Plaintiff's written settlement offer letter dated February 8, 2016, and the voluminous medical records, bills and lost income information included with it, was provided by Travelers to Defendant's counsel in this case before the Defendant's Answer was filed on March 23, 2016.

To the contrary, because Defendant's insurer (who is providing for the defense of this action) and, more importantly, Defendant's counsel, was well aware that the monetary value of Plaintiff's claims exceed $75,000.00 before Defendant's Answer was filed on March 23, 2016, the Notice of Removal to this Court was untimely as not filed within the 30-day period required by 28 U.S.C. §1446(b).

Section 1446(b), which was added to the removal statute in 1949, codified previous judicial holdings that the period for filing a removal notice will be extended or renewed when a case that at first did not seem to be removable later becomes or is discovered to be removable. As noted above, this statute requires "an amended pleading, motion, order, *or other paper*" to act as a trigger to commence the running of a new 30-day period once the defendant has received actual notice, **for the first time**, *through one of the documents described in Section 1446(b)*, that a previously unremovable case has become removable.

In this case, the Plaintiff's detailed settlement demand letter dated February 8, 2016, which was received by Defendant's insurer, Travelers, on February 9, 2016, outlined Plaintiff's injuries, medical expenses, permanent impairment, and lost income in exhaustive detail.[4]    Plaintiff sent this letter by UPS for overnight delivery to Mr. Kris Smith, Traveler's claim representative who was handling this claim.   This letter – which Defendant's counsel had a copy of before Defendant's

---

[4] *See* Exhibit "A." **To his credit, Defendant's counsel, Mr. Bramlett, has truthfully acknowledged to Plaintiff's counsel that his office received copies of Plaintiff's settlement demand letter (Exhibit "A"), and the medical records and documents that were attached to it, from Travelers when they sent this file to his office for defense of this case.** This letter sets forth in great detail the injuries and damages that Plaintiff James Dale Alday has suffered.  In addition to the more than $12,000.00 in medical expenses that Mr. Alday had already incurred when that letter was sent to Travelers on February 8, 2016, well before this lawsuit was filed, that letter informed Defendant that one of Mr. Alday's physicians, Dr. Steven Shapiro, has stated that Mr. Alday may require fusion of his mid-foot (at an expected medical cost of approximately $70,000.00), plus later removal of the implanted hardware (at an expected medical cost of about $25,000.00). (*See* page 13 of Exhibit "A"). Defendant was further informed that Mr. Alday's lost income at that time was approximately $96,255.00. (*See* page 16 of Exhibit "A").

Answer was filed on March 23, 2016 – clearly stated Plaintiff's settlement demand in the amount of $650,000.00.[5]

So does Plaintiff's settlement demand letter that was received by Defendant's insurer on February 9, 2016, and which was then given by the insurer to Defendant's counsel well over 30 days before Defendant's Notice of Removal was filed, constitute *"other paper from which it may be first ascertained that the case is one which is or has become removable"* within the meaning of Section 1446(b)?

The first point that should be made here is that the removal statutes are to be strictly construed against removal. *Bussey v. Modern Welding Co.*, 245 F. Supp.2d 1269 at 1274 (S.D. Ga. 2003), citing *Brown v. Demco, Inc.*, 792 F.2d 478 at 482 (5th Cir. 1986).

"[B]y providing that notice may be given via *"other paper,"* [this] language itself suggests that informal notice is sufficient. *See* 14A *Wright, Miller & Cooper, Federal Practice & Procedure*, §732 (clear purpose of §1446(b) 'is to commence running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.')." *Hessler v. Armstrong World Industries, Inc., et al.*, 684 F. Supp. 393, at 394-395 (D.C. Del. 1988).[6]  In other words, notice of the amount in controversy does not have to be only in a formal pleading or discovery response. *Id.*

In fact, the discovery documents that Defendant relies on for notice of the amount in controversy (i.e., Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Documents) are themselves considered to be *"other paper"* within the meaning of Section 1446(b) because they are not "an amended pleading, motion, or order." *Hessler, supra, at 395; Lee v.*

---

[5] *See* page 17 of Plaintiff's settlement demand letter, Exhibit "A."

[6] This statement is also cited in *Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d* §3732. *See Decubas v. Norfolk Southern Corp.*, 683 F. Supp. 259 at 261-262 (M.D. Ga. 1988)

*Altamil Corp.,* 457 F. Supp. 979 (M.D. Fla. 1978). Plaintiff's written settlement offer of February 8, 2016, must also be considered "other paper" within the meaning of this statute in that this letter not only clearly informed the Defendant's insurer that the amount in controversy here substantially exceeds $75,000.00, but more importantly, because the Defendant's attorneys had a copy of this letter in their possession before their Answer was filed on March 23, 2016, they were also aware of this fact at least 76 days before Defendant's Notice of Removal was filed.

A number of federal courts have declined to reactivate the 30-day removal period when the defendant could have ascertained a case's removability by exercising some diligence or, as some district courts have pointedly indicated, when removability was "intelligently ascertainable. *14C Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d* §3731 (4[th] ed.).[7] In making this determination, the facts available to the Defendant at the outset of the action must be considered.

Here, before the Defendant's Answer was even filed, its counsel was admittedly aware that the amount in controversy in this case exceeds the minimum jurisdictional amount of $75,000.00. In other words, the Defendant, through its counsel, either knew or should have known from the information which he admits was in his file before the Answer was filed that all of the requirements for removal to this Court had been met, including the amount in controversy. This was at least 76 days (starting from the date the Answer was filed), before the Notice of Removal was filed in this

---

[7] The defendant has an obligation to exercise some diligence to determine whether there are possible grounds for removal. *Hines v. AC & S, Inc.,* 128 F. Supp. 2d 1003 (N.D. Tex. 2001). And in *Bankston v. Illinois Nat. Ins. Co.,* 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006), the district court remanded holding that removal was untimely because the defendant insurer had documents and information which suggested that the requirements of 28 U.S.C. §1332 (diversity in that case) had been met more than 30 days before the Notice of Removal was filed. That is the same circumstance here with respect to the amount in controversy.

Court.  As such, Defendant's purported removal of this action to this Court was tardy and, therefore, is not permitted under 28 U.S.C. §1446(b).

WHEREFORE, Plaintiff respectfully requests that this action be remanded to the State Court of Chatham County, Georgia.  Plaintiff further requests that the Court order Defendant to reimburse Plaintiff and his undersigned counsel as provided by 28 U.S.C. §1447 (c) "for the just costs and any actual expenses, including attorney fees, incurred as a result of the removal," i.e., in responding to Defendant's improper Notice of Removal.  *See* 28 U.S.C. §1447 (c).  Plaintiff will submit an itemized bill of fees and costs to this Court for approval upon the remand of this case to the State Court of Chatham County, Georgia.

Respectfully submitted, this 28th day of June, 2016.

KENNETH L. ROYAL, PC

BY: _____
Kenneth L. Royal
Georgia Bar No. 617415
Attorney for Plaintiff

340 Eisenhower Drive
Suite 1301
Post Office Box 14664
Savannah, Georgia 31406
(912) 351-0084

7

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing MOTION TO REMAND TO THE STATE COURT OF CHATHAM COUNTY, GEORGIA upon all parties concerned by filing same with the United States District Court Clerk for the Southern District of Georgia, Savannah Division, using the CM/ECF System which will automatically send email notification of such filing to the following attorneys of record:

Payton D. Bramlett, Esq.
Post Office Box 7600
Atlanta, GA  30357
BramlettP@deflaw.com
Attorney for Defendant

This 28th day of June, 2016.

KENNETH L. ROYAL, PC

BY: _____
KENNETH L. ROYAL
Georgia Bar No. 617415
Attorney for Plaintiff

KENNETH L. ROYAL, PC
Post Office Box 14664
Savannah, Georgia 31416
(912) 351-0084