IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES DALE ALDAY,

        Plaintiff,

        v.

CIRCLE K STORES, INC.,

        Defendant.

Civil Action File No.
4:16-cv-00134-WTM-GRS

## BRIEF OF DEFENDANT IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Circle K Stores, Inc., named as a defendant in the above-styled civil action (hereinafter referred to as "defendant"), and files this brief in opposition to plaintiff's motion to remand. Plaintiff's motion to remand should be denied because defendant's notice of removal to this Court was timely filed. In the instant action, the plaintiff's complaint (the initial pleading as described in 28 U.S.C. §1446(b)) did not include a specifically quantified *ad damnum*. Where a plaintiff has made a claim for an unspecified amount of damages, "the defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). Plaintiff contends the defendant's notice of removal was untimely as a pre-suit demand letter containing incomplete medical records and damage claims

was "other paper" which somehow started the clock for removal. However, plaintiff's contention is not supported by controlling legal authority. *See Saberton v. Sears Roebuck and Co.*, 392 F. Supp. 2d 1358 (M.D. Fla. 2005)(Plaintiff's pre-suit demand letter seeking $100,000 in damages, which amount exceeded $75,000 amount in controversy threshold for federal diversity jurisdiction, <u>would not</u> be considered an "other paper," for purposes of statute allowing notice of removal to be filed; the removal statute allowed post-suit demand letters, but not pre-suit demand letters, to be used to determine amount in controversy. 28 U.S.C.A. §§ 1332(a), 1446(b)); *Rhone v. Cenlar Agency, Inc.* 2014 WL 1247993 (N.D. Ala. 2014); *see also Chapman v. Powermatic, Inc.*, C.A.5 (Tex.) 1992, 969 F.2d 160, rehearing denied 976 F.2d 732, certiorari denied, 113 S. Ct. 1402, 507 U.S. 967, 122 L.Ed.2d 774. (**"By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."** *Id.* [emphasis added]).

The first time defendant was served with "other paper" that clearly showed the action had become removable was when plaintiff served his responses to defendant's written interrogatories and requests for production of documents on May 9, 2016 (Exhibit A). Because defendant filed its notice of

removal on June 7, 2016 (within 30 days of May 9, 2016),
defendant's notice of removal was timely filed.  Accordingly,
plaintiff's motion to remand should be denied. Defendant further
shows the Court as follows:

## STATEMENT OF FACTS

Plaintiff filed the instant suit in the State Court of
Chatham County on or about February 23, 2016.  The complaint did
not state an amount in controversy or contain an *ad damnum*
clause.  (*See* Compl., Doc. 1-1, p. 2-18).

Defendant was served with the Complaint on February 26,
2016, and it filed its Answer and separate demand for a jury
trial of twelve on March 23, 2016. (*See* Answer and Jury demand,
Doc. 1-3, p. 2-17)  On May 9, 2016, plaintiff served his
responses to defendant's first interrogatories and first
requests for production of documents, which placed defendant on
notice that the amount in controversy would in all likelihood
exceed $75,000 to an extent that defendant could meet its burden
of proof to support a notice of removal pursuant to *Williams v.
Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Matheson
v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.
2003). (Certificate of service, Doc. 1-1, p. 57)(*See* Exhibit
"A").  In particular, plaintiff alleged in response to
interrogatory no. 17 past and future medical special damages in
excess of $75,000. (*See* Exhibit "A" , p. 12, attached hereto).

On June 7, 2016, defendant filed its notice of removal, within 30 days of receipt of plaintiff's written discovery responses, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1, p. 1-6). Plaintiff's counsel agreed that there is complete diversity for the purposes of 28 U.S.C. § 1332, and counsel also agreed that that the amount in controversy exceeds $75,000 (Plaintiff's Motion to Remand, Doc. 4, p. 2). Plaintiff's only objection to defendant's notice of removal is the contention the notice was untimely.

Before filing suit the plaintiff claims he sent a settlement demand letter to a claims representative of Travelers. (*See* Exhibit A to plaintiff's motion to remand). Plaintiff's counsel contends that the demand letter was received by Travelers on February 9, 2016 (*See* Exhibit B to plaintiff's motion to remand). However, the demand letter did not contain complete information and documents supporting the speculative and unsupported claims and contentions referenced in the letter. Further, the plaintiff's claimed pre-suit demand letter did not constitute "other paper" to support a notice of removal.

Because pre-suit demand letters do not constitute "other paper" pursuant to 28 U.S.C. § 1446(b) and the plaintiff's complaint did not state an amount in controversy sufficient for removal, the first receipt of evidence needed to show that the amount in controversy exceeded the jurisdictional requirement

for removal came with the information and documents alleged by the plaintiff in response to written discovery requests. Accordingly, defendant's notice of removal was timely filed. As defendant timely removed the action and jurisdiction is proper before this Court, plaintiff's motion to remand should be denied.

<u>**ARGUMENT AND CITATION TO AUTHORITY**</u>

Jurisdiction before this Court is proper. There is no issue as to diversity of the parties or the amount in controversy. Plaintiff filed his motion to remand based on an inapposite claim that defendant untimely removed the case. However, because defendant properly and timely removed the instant action within thirty days of defendant's first notice that the case was removable, plaintiff's motion to remand should be denied.

Pursuant to 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The federal statute provides one year for removal, unless plaintiff acts in bad faith and "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy

to prevent removal." 28 U.S.C. § 1446(c)(3). Under federal

law, where plaintiff does not plead special damages in the

complaint, defendant may conduct discovery to ascertain

plaintiff's damages. *See Sierminski v. Transouth Financial*

*Corp.*, 216 F.3d 945 (11th Cir. 2000).

## I.   A PRE-SUIT SETTLEMENT DEMAND WITH INCOMPLETE INFORMATION AND SPECULATIVE CLAIMS DOES NOT CONSTITUTE "OTHER PAPER" PURSUANT TO  28 U.S.C. § 1446(b)

"[A] pre-suit settlement demand does not constitute "other

paper" for purposes of the second paragraph of § 1446(b)."  *Mark*

*v. Wood Haulers, Inc.*, 2009 WL 5218030 at *8 (S.D.A.L.

2009)(emphasis added); *see also Standridge v. Wal-Mart Stores*,

945 F. Supp. 252, 256 (N.D. Ga. 1996)(**holding that a pre-suit

demand letter was "nothing more than posturing by plaintiff's

counsel for settlement purposes and cannot be considered a

reliable indicator of the damages plaintiff is seeking."** *Id.*);

*Elder v. T-Fal, Inc. .*, 2007 WL 4060230, at *3, No. 1:07-cv-

1280-JOF (N.D.Ga. Oct. 31, 2007) ("A demand letter, such as the

one here, made without full investigation and dated more than

two months before a complaint was filed, should be given little

weight…" *Id.*). Plaintiff's pre-filing courtesy copy of

complaint, informal discussions and demand letter did not

operate to start clock ticking for time to file notice of

removal of action. 28 U.S.C.A. § 1446(b). *Burgess v. Gateway*

*Communications, Inc.- WOWK TV*, 984 F. Supp. 980, 76 Fair Empl. Prac. Cas. (BNA) 349 (S.D. W. Va. 1997).

Incomplete medical records and a pre-suit settlement demand letter received by an insurer or other representative for a defendant does not constitute "other paper" for the purpose of beginning the running of the 30-day time period for removal of case by the defendant where the defendant received the medical bills and demand letter before it received the initial pleading. *Chapman v. Powermatic, Inc.*, C.A.5 (Tex.) 1992, 969 F.2d 160, rehearing denied 976 F.2d 732, certiorari denied, 113 S. Ct. 1402, 507 U.S. 967, 122 L.Ed.2d 774.

In *Saberton v. Sears Roebuck and Co.*, 392 F. Supp. 2d 1358 *supra.*, the plaintiff sought to remand the case on the same grounds as the plaintiff in the case at bar. The Court in *Saberton* held that the plaintiff's pre-suit demand letter seeking $100,000 in damages, which amount exceeded $75,000 amount in controversy threshold for federal diversity jurisdiction, would not be considered an "other paper" for purposes of statute allowing notice of removal to be filed based on amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. The Court found that the removal statute allowed post-suit demand letters ("other paper" received after the initial pleading), but not pre-suit demand letters, to be

used to determine amount in controversy. 28 U.S.C.A. §§ 1332(a),
1446(b). *See also Depina v. Iron Mountain Info. Mqmt., Inc.,*
2005 WL 1319231 (M.D.Fla.2005) (**Declining to expand "other paper"
to include pre-suit settlement demand letter**); *Martin v. Mentor
Corp.,* 142 F.Supp.2d 1346 (M.D.Fla.2001).

In *Bonnell v Seaboard A. L. R. Co.,* 202 F. Supp. 53 (1962,
N.D. Fla.), the court held that a letter from the plaintiff's
counsel to the defendant's attorney, demanding $50,000 in
settlement, did not constitute "other paper" in order to
commence the removal period. The initial complaint had alleged
damages of only $500. The court stated that the second paragraph
of 28 U.S.C.A. § 1446(b) referred to pleadings related to court
processes even though not required to be filed, as long as those
pleadings were part and parcel of state court proceedings and
had their origin and existence by virtue of state court
processes. The court held that the demand letter did not satisfy
this test. The court concluded that the letter did not provide
notice that the statutory minimum amount of $10,000 was
satisfied in order to make the case removable under the court's
diversity jurisdiction.

Several other courts have held that pre-suit demand letters
are not "other paper" sufficient for removal or that require
triggering of the running of a clock for removal. *Romulus v. CVS
Pharmacy, Inc.,* 770 F.3d 67, C.A.1 (Mass. 2014)(The 30-day

removal clocks are triggered only when the plaintiffs' complaint or plaintiffs' **subsequent** paper provides the defendant with sufficient information to easily determine that the matter is removable.); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (9th Cir. 2013)(Customer's demand letter that was provided to defendant lender that provided vehicle financing before she initiated her suit was not "other paper" that could have triggered 30 day period removal clock. 28 U.S.C.A. § 1446(b)(3); West's Ann.Cal.Civ.Code §§ 1750 et seq., 2981 et seq.); *Biggs Corp. v. Wilen*, 97 F. Supp. 2d 1040 (D. Nev. 2000)(Demand letter sent to defendants by plaintiff's counsel was not "other paper" sufficient to trigger new thirty-day period in which to remove state court suit to federal court, although defendants claimed that letter gave them first evidence that amount in controversy requirement for diversity jurisdiction would be met, letter was informal correspondence, and not official paper in state court action. 28 U.S.C.A. §§ 1332, 1446); *Piazza v. Ambassador II JV, L.P.*, 2010 WL 2889218, at *1 ("a settlement demand provides only marginal evidence of the amount in controversy because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

In the case *sub judice*, the settlement demand letter submitted by the plaintiff pre-suit contained incomplete information and limited medical records. It is undisputed that the plaintiff's demand letter was submitted before the plaintiff filed his complaint. It is clear from the above controlling authorities as well as the plain meaning of the statute that the pre-suit demand letter cannot be considered "other paper" for the purposes of removal pursuant to 28 U.S.C. § 1446(b).

It is also undisputed that the plaintiff's complaint did not plead damages or information sufficient to establish the amount in controversy needed to support removal. The plaintiff's discovery responses served by the plaintiff subsequent to the complaint constituted the first "other paper" containing alleged damages in an amount to support removal. Thereafter, the defendant filed a timely notice of removal. Accordingly, the plaintiff's motion for remand should be denied.

## II. KNOWLEDGE OF CLAIMS MADE IN PLAINTIFF'S PRE-SUIT DEMAND DOES NOT TRIGGER THE CLOCK FOR REMOVAL

Time period to remove action from state to federal court does not depend on defendant's actual knowledge of basis for removal but is governed by service of pleading, motion, or other papers showing that action has become removable. *Jong v. General Motors Corp.*, 359 F.Supp. 223 (N.D.Cal. 1973).

It is undisputed that the plaintiff's complaint in this
case did not plead an amount necessary to support removal
pursuant to the first paragraph of 28 U.S.C. §1446(b). (*See*
Compl., Doc. 1-1, p. 2-18).

The second 30-day period during which defendant may remove
action, which applies where no grounds for removal are evident
from initial pleading, occurs 30 days after receipt by defendant
of copy of amended pleading, motion, order or other paper from
which it may first be ascertained that case is one which is or
has become removable. *Rossetto v. Oaktree Capital Management,
LLC*, 664 F.Supp.2d 1122 (D.Hawai'i 2009). "[T]he information
supporting removal in a copy of an amended pleading, motion,
order or other paper must be "unequivocally clear and certain"
to start the time limit running for a notice of removal under
the second paragraph of section 1446(b)." *Bosky v. Kroger
Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002), applying the
standard adopted by the 10th Circuit Court of Appeals in *DeBry
v. Transamerica Corp.*, 601 F.2d 480 (10th Cir.1979).

While plaintiff has greatly emphasized alleged actual
knowledge by a claims representative and counsel for the
defendant of the limited information contained in the
plaintiff's pre-suit demand, a defendant's actual knowledge of
claims which may be a basis for removal is not the determining
factor in calculating the second 30-day period during which a

defendant may remove an action to federal court. That window is governed by service of pleading, motion, or other papers _following_ receipt of or filing of the initial pleading showing that the action has become removable. Even if actual knowledge were an issue, plaintiff's demand letter was not nearly as exhaustive as plaintiff's counsel would lead the court to believe in that the letter did not even contain an amount of the plaintiff's claimed past medical special damages (_See_ Exhibit A to plaintiff's motion to remand).

The plain language of U.S.C. § 1446(b) contemplates post-suit demand letters but not pre-suit demand letters. The timing of when defendants received "other paper" is critical in the cases cited by the plaintiff in support of his motion to remand.

In his motion to remand, plaintiff cites to _Hessler v. Armstrong World Industries, Inc., et al._, 684 F.Supp. 393 at 394-395 (D.C. Del. 1988) as support for his position that the thirty-day window to remove begins once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner; however, it is important to note that that case was already in-suit at the time the subsequent communications ("other papers") were sent (_Id._ at 395). Bearing that in mind, the facts of _Hessler_ are in no way similar to the instant action because plaintiff's demand letter in the instant action was sent pre-suit and not after suit (i.e.

after the initial pleading) had already been filed as was the case in *Hessler*.

Plaintiff also cites to *Decubas v. Norfolk Southern Corp.*, 683 F.Supp. 259, 261-262 (M.D. Ga. 1988) where the court held that (1) unappealed jury verdict and dismissal of FELA claim was an amended pleading or other paper which allowed case to become removable; (2) amended orders or other papers can cause nonremovable case to become removable, not just fraud or voluntary acts of plaintiff the defendants. Yet again, the "other paper" relied upon by defendants in *Decubas* to remove the case were documents that defendants received **after** suit had already been filed.[1]

In the instant action, the plaintiff's Complaint did not include a specifically quantified *ad damnum*, and the first time defendant was served with "other paper" that clearly showed the action had become removable was when plaintiff served his responses to plaintiff's written interrogatories and requests for production of documents on May 9, 2016 (Exhibit A). Because defendant filed its notice of removal on June 7, 2016 (within 30 days of May 9, 2016), defendant's notice of removal was timely filed. Accordingly, plaintiff's motion to remand should be denied.

---

[1] It is also important to note that the Court's analysis in *Decubas* was pursuant to 28 U.S.C. § 1441 **not** 28 U.S.C. § 1446, which is the issue that is currently pending before the Court; therefore, this is yet another substantial difference between the facts of the case law cited by plaintiff and the facts of the instant action.

## III. DEFENDANT'S NOTICE OF REMOVAL WAS REASONBLE AND PLAINTIFF'S CLAIM FOR FEES AND COSTS SHOULD BE DENIED.

When a party seeks to remove an action on the basis of diversity in a case, if the complaint does not make clear that more than $75,000 is in controversy, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

"**[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.**" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)(emphasis added). There remains the broadly accepted position that if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate. *Martin v. Franklin Capital Corp.* 393 F.3d 1143 (10th Cir. 2004). Further, most courts do not impose fees when the defendant had a legitimate ground for seeking removal. *See* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.41[3][a][ii] (3d ed.1997);

*see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3739 (3d ed.1998) (noting award of fees is at discretion of district court, and fees may be denied "when there are reasons to believe that the removability of the case was plausible").

In this case, the plaintiff's request for fees should be denied as the evidence shows that the defendant had an objectively reasonable basis for removal. Because plaintiff's pre-suit demand letter did not even quantify plaintiff's claimed past medical special damages and was accompanied by only limited medical records and bills, defendant could not possibly have met its burden of proof even if that pre-suit demand letter was considered "other paper" under 28 U.S.C. § 1446(b). Further, as shown above, case law and the plain terms of the removal statute show that the plaintiff's pre-suit demand letter is not "other paper" which could be considered for removal. Instead, the defendant's removal was timely, proper, and based on the "other paper" of plaintiff's discovery responses which contained evidence sufficient to support removal. Accordingly, pursuant to U.S. Supreme Court authority, the evidence does not support any award of costs or fees to the plaintiff and the plaintiff's motion for remand should be denied.

Further, plaintiff bears the burden of establishing entitlement to recover attorneys' fees and documenting the

appropriate hours and hourly rates. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427(11th Cir. 1999); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996)(The party seeking attorney fees must demonstrate with satisfactory evidence that counsel's rates are reasonable.) The Eleventh Circuit utilizes the lodestar method to determine reasonable attorneys' fees. *Norman v. The Housing Auth. of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. See *Barnes*, supra., 168 F.3d at 428. Specific and detailed evidence must be shown to support the amount of fees claimed. *Id*. If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to reduce the number of hours "by pruning out those that are excessive, redundant or otherwise unnecessary." *Id*.

In this case, the evidence shows the plaintiff is not entitled to any fees or costs. The evidence further shows the plaintiff failed to present any evidence required to support such a claim. Accordingly, the plaintiff's claims for fees and costs should be denied and the plaintiff's motion for remand should be denied.

## CONCLUSION

The defendant's notice of removal was timely and therefore the plaintiff's motion for remand should be denied. Plaintiff's

pre-suit demand letter does not constitute "other paper" under 28 U.S.C. § 1446(b). The removal filed by this defendant was timely as defendant removed this case within thirty days of the first time defendant could ascertain that the amount in controversy exceeded $75,000 based on the plaintiff's discovery responses. 28 U.S.C. § 1446. By plaintiff's own admission, all other requirements for removal have been met. As jurisdiction is proper before this Court and defendant timely removed the instant action, plaintiff's motion to remand should be denied and this action should proceed in the United States District Court for the Southern District of Georgia.

WHEREFORE, defendant respectfully requests that the court deny plaintiff's motion to remand. Defendant also respectfully requests that the plaintiff's request for fees and costs be denied in recognition of defendant filing its notice of removal reasonably and in good faith as soon as it believed it could meet its burden of proof to support filing a notice of removal.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s *Payton D. Bramlett*

PAYTON D. BRAMLETT
Georgia Bar No. 152401

880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia   30357
(404) 885-1400 – phone
(404) 876-0992 – fax
pbramlett@deflaw.com

6547200/1
05711-121116

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court: Courier New 12 Point.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing DEFENDANT'S REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND by efiling with the Court's CM/ECF system, which will automatically send email notification of such filing to attorneys of record.

> Kenneth L. Royal, Esq.
> Kenneth L. Royal, P.C.
> 1301 Central Park
> 340 Eisenhower Drive
> Post Office Box 14664
> Savannah, Georgia 31406
>       Attorney for plaintiff

This 8th day of July, 2016.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

/s *Payton D. Bramlett*

PAYTON D. BRAMLETT
Georgia Bar No. 152401

880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia 30357
(404) 885-1400 – phone
(404) 876-0992 – fax
pbramlett@deflaw.com
6547200/1
05711-121116

# EXHIBIT A

JAMES DALE ALDAY,

    Plaintiff,

v.

CIRCLE K STORES, INC.,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No. STCV1600260

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW James Dale Alday, Plaintiff in the above-styled action, and serves the following RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF as follows:

1.

State your date of birth; marital status and full name of spouse; driver's license number; and educational background, including all schools, institutions, trade, or professional schools attended, the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

**Plaintiff's Response:**

James Dale Alday; Date of Birth: ▮▮▮▮1960; Divorced; graduated from Childersburg High School and then attended Nunnally Vocational School in Childersburg, Alabama for Air Condition/Refrigeration certification; additional schooling in U. S. Air Force for electrical power production. Georgia Class A Driver's License Number ▮▮▮▮▮▮▮▮.

1

2.

If you have ever been arrested or convicted of any crime (other than a traffic offense), please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge including any first offender charges. See *Gazelah v. Rome General Practice, P.C.,* 232 Ga. App. 343, 502 S.E.2d 251 (1998); *Federated Department Stores, Inc. v. Kane,* 180 Ga. App. 175, 348 S.E.2d 718 (1986); *Lewis v. The State,* 243 Ga. 443, 254 S.E.2d 830 (1979).

**Plaintiff's Response:**

On March 28, 2012, Plaintiff entered a guilty plea pursuant to *Alford v. North Carolina* to a violation of O.C.G.A. §16-6-22, incest (re: a stepdaughter), in the Superior Court of Tattnall County, Georgia. Plaintiff was sentenced to 10 years probation.

3.

State specifically and in reasonable detail how the occurrence happened which is the basis of this lawsuit.

(a) Describe the substance or other condition you claim caused you to fall, including the size, color, and its make-up.

(b) Describe the exact location of the substance or other condition which supposedly made you fall.

**Plaintiff's Response:**

Plaintiff drove his tractor-trailer rig into the diesel fuel bay at the rear of Defendant's premises (i.e., the fuel bay nearest the store building), got out of the truck, and began to re-fuel his truck. He inserted the fuel nozzle into the mouth of the truck's diesel fuel tank and clicked the nozzle handle to lock it open so that it would continue

putting fuel into the tank. Plaintiff then stepped back with his right foot to turn around to walk to the rear of his truck. When he did so his right foot fell into an open drainage canal in the ground of Defendant's premises (near the diesel fuel pump) that was missing a section of its steel grate cover. From Plaintiff's line of sight, the open drainage canal, or hole, was located below and on the other side of a "running board" on the truck, and it was approximately 14" wide and 14" deep. This open hole caused Plaintiff to lose his balance and fall over which, in turn, twisted and injured his left foot and ankle.

4.

Give the name, address, and telephone number of all persons that to you or your representatives' knowledge, information, or belief:

(a)     Were eyewitnesses to the incident giving rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in subpart (a);

(c)     Were present in the immediate area at the time of the occurrence.

**Plaintiff's Response:**

Plaintiff and his family, including Lorri Alday and James Dale Alday, Jr., 1817 P.G. Jenkins Rd., Claxton, GA 30417. Plaintiff's medical care providers identified in response to Interrogatory 12 below. Gerald Spaulding, 1523 Grove Pt. Rd., Savannah, GA 31419, (912) 412-1827. There were several other people at the Defendant's premises when Plaintiff was injured, but their identities is presently unknown. Plaintiff promptly reported his fall and the missing drainage grate to the store's manager/cashier who was on duty at that time. Plaintiff also called Circle K's office and reported this

incident on March 7, 2014. The person that Plaintiff spoke with at the Circle K office directed him to call their area manager – he believes her name is "Wendy" – and he was given her telephone number, (912) 220-5499. Plaintiff then called this woman, who identified herself as Circle K's area manager, and reported this incident to her.

5.

With regard to each statement (oral, written, recorded, court or deposition transcript, et cetera) taken from any person with knowledge relevant to this lawsuit, please state the name of each person giving the statement, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody, or control of each statement.

**Plaintiff's Response:**

When Plaintiff promptly reported his fall and the missing drainage grate to the store's manager/cashier who was on duty at that time, the manager/cashier apologized to Plaintiff for the open drainage canal which had caused him to fall and told him that his fall should be recorded on the store's video surveillance tape. She also told Plaintiff that she was too busy to do anything to correct the hazard at that time. See also, the response to Interrogatory 22 below.

6.

State the name, address, and employer of all persons who to your knowledge, information, or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**Plaintiff's Response:**

Plaintiff's attorney, Kenneth L. Royal. See response to Interrogatory 4 above which is incorporated by this reference.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

**Plaintiff's Response:**

After Plaintiff fell due to the hazard on Defendant's premises and reported this to Defendant's store manager/cashier as outlined in the Complaint and in response to Interrogatory number 3 above, before he left the premises he took a photograph of the open drainage canal that had caused him to fall. There are also several photographs of Plaintiff's injured foot, the boots he was wearing at the time of his injury, and braces, orthotics and/or prosthetic devices he was required to wear after his injury. Plaintiff's counsel has the foregoing photographs. Plaintiff's counsel also has a number of photographs of Defendant's premises that show where Plaintiff fell. All of these photos are already in Defendant's counsel's possession.

8.

Please identify with reasonable particularity all previous or subsequent claims you have made for bodily injury or disability. Give the date and place of the injury, the type of claim involved, and the name of the entity or insurer to whom the injury or disability claim was made. If such claims resulted in a lawsuit, please list the full style of the case and the civil action number.

**Plaintiff's Response:**

None other than a claim for medical and lost wage benefits stemming from the injury to Plaintiff's back and shoulder as stated in response to Interrogatory number 11. This claim was made pursuant to Plaintiff's Truckers Occupational Accident Insurance policy issued by OneBeacon Insurance Company, 1 Beacon Lane, Canton, MA 02021-1031.

9.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules, or regulations which you contend the propounder of these interrogatories violated with respect to the incident giving rise to this lawsuit.

**Plaintiff's Response:**

Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. However, without waiving such objection, Georgia statutes violated include, but are not necessarily limited to the following: O.C.G.A. § 51-1-1 *et seq.*; O.C.G.A. § 51-2-1 *et seq.*; OCGA § 51-3-1; O.C.G.A. § 13-6-11. Defendant also violated common law rules pertaining to premises liability, many of which are discussed in *Robinson v. Kroger,* 268 Ga. 735; 493 S.E.2d 403 (1997) and its progeny.

10.

If you consumed any alcoholic beverages, medicines, or drugs within twenty-four hours prior to the occurrence giving rise to this lawsuit, please identify the nature and quantity thereof and the time(s) and place(s) where such were consumed.

**Plaintiff's Response:**

No alcohol was consumed. To the best of Plaintiff's memory at this time, he had taken the following medications within twenty-four hours of falling at Defendant's premises: Aspirin 325 mg. for circulation; Lisinopril 20 mg. for blood pressure, Toprol 50 mg. for heart and circulation; Niaspan 1,000 mg. for cholesterol; Simvastatin 20 mg. for cholesterol. Plaintiff may have also taken Allopurinol 300 mg. for gout at that time, but he is not sure.

11.

Please state the place and date of all accidents of any kind, including falls, in which you have been involved, either PRIOR to the occurrence giving rise to this lawsuit or SUBSEQUENT thereto, and describe the personal injuries, if any, which you received in such other accidents or incidents.

**Plaintiff's Response:**

On November 23, 2013, Plaintiff injured his back and right shoulder in Anderson, Georgia when he slipped while climbing down from an over-the-road trailer that he had just swept out. It had been raining and the exterior of the trailer was wet at that time. Medical treatment for this injury included 2 steroid shots in Plaintiff's back and, later on July 13, 2015, surgery to repair a torn rotator cuff in Plaintiff's shoulder.

12.

State the names and addresses of all doctors, osteopaths, psychologists, physical therapists, chiropractors, and other practitioners of the healing arts of every type and nature who have treated you as a result of the incident that is the subject of this litigation and give the full name and full address of your family doctor.

**Plaintiff's Response:**

All physicians, podiatrists and other medical care workers who are identified in either these responses to Defendant's First Interrogatories to Plaintiff and/or as identified in Plaintiff's medical records produced in this case as having provided medical care to Plaintiff, including but not necessarily limited to the following:

Family Doctor: Dr. Jesse B. Scott, formerly of Southern Medical Group, now with St. Joseph's/Candler Medical Group, 501 East Long Street, Claxton, Georgia 30417:

Applecare Statesboro, Dr. Angela Gerguis;

East Georgia HMA Physician Management, LLC d/b/a East Georgia Neurology & Neurodiagnostics, Dr. Kashyap Patel;

Georgia Foot & Ankle Institute, Dr. David Valbuena;

Ankle and Foot Associates, LLC and East Georgia Foot & Ankle Center, PC, Dr. Howard Gale;

Orthopedic Foot and Ankle Center, PC, Dr. Steven L. Shapiro;

Hangar Prosthetics and Orthotics;

Open MRI of Southeast Georgia;

Prescription Medications from Walmart Pharmacy, Forest Heights Pharmacy and Kmart Pharmacy:

13.

Please identify each expert expected to testify at trial, including all subsequent treating physicians and practitioners of the healing arts; state the subject matter the expert is expected to testify about and the substance of the facts and opinions to which the expert is expected to testify; and give a summary of the grounds for each opinion. See O.C.G.A. § 9-11-26 (b)(4)(A)(i). The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in your answer to this interrogatory.

**Plaintiff's Response:**

See response to Interrogatory number 12 above which is incorporated by this reference for a list of medical care practitioners who may be expected to testify about Plaintiff's injury, their treatment of it, and as for the doctors and podiatrists identified, their prognosis of Plaintiff's condition. Plaintiff has not retained other experts at this time to testify in this case, but may do so and, if retained, Plaintiff will identify such expert(s) as required by the rules of discovery.

14.

State in detail, to the best of your ability, all injuries you claim to have received as a result of the incident giving rise to this lawsuit; and indicate what injuries you are, at present, suffering from and the manner and extent of your current suffering.

**Plaintiff's Response:**

Left ankle sprain. Injury to left foot, including Lisfranc ligament fracture; periarticular bone marrow edema with chronic fibrosis in the region of the Lisfranc ligament; dorsal subluxation through the second metatarsal cuneiform joint; post-traumatic osteoarthritis; instability and partial collapse of the foot; nerve damage; severe and chronic pain; loss of feeling, permanent numbness, and foot ulcers. Plaintiff's gait is also altered (antalgic gait) because of the injury to his foot. Plaintiff's sprained ankle improved over time, but he continues to suffer from the other injuries listed above. See Plaintiff's medical records which are in possession of Defendant's counsel for additional details on Plaintiff's injuries.

15.

State whether you have had any PRIOR or SUBSEQUENT injuries, diseases, or difficulties in the areas of the body which you claim were injured in the occurrence which

9

is the subject of this lawsuit, or to areas of your body involving your senses (sight, hearing, et cetera); and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease, or difficulty.

**Plaintiff's Response:**

As to Plaintiff's left foot that was injured at Defendant's premises, there were no prior injuries, although Plaintiff did experience some prior neuropathy in his feet. Plaintiff received medical treatment for vein occlusions in his eyes beginning in about 1996. Treatment for that continued periodically until well after Plaintiff's injury at Defendant's premises on March 4, 2014. Plaintiff held a commercial driver's license and passed numerous vision tests during this period up to, and even well after, his injury at Defendant's premises. However, approximately one year after his injury at Defendant's premises, Plaintiff's vision suddenly deteriorated after (and possibly due to) an injection into Plaintiff's eye so he now no longer holds a commercial driver's license. Robert King, M.D. of The Georgia Eye Institute, 4720 Waters Ave., Savannah, GA 31404 has been Plaintiff's ophthalmologist.

16.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a)     after the incident giving rise to this lawsuit, and indicate which you claim resulted from this incident;

(b)     for the fifteen years immediately before the incident giving rise to this lawsuit.

(c)

**Plaintiff's Response:**

See responses to Interrogatory numbers 12 and 15 above which are incorporated by this reference. In addition, Plaintiff objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant cannot recall all medical treatment that he may have received up to 15 years ago.

17.

Please itemize all special damages which you allege you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of this occurrence.

**Plaintiff's Response:**

**Medical Expenses:**

| | |
|---|---|
| Applecare Statesboro<br>Dr. Angela Gerguis - initial care after injury | $ 200.00 |
| East Georgia HMA Physician Management, LLC<br>d/b/a East Georgia Neurology & Neurodiagnostics<br>Dr. Kashyap Patel – neurologist<br>Nerve and muscle testing | $1,751.15 |
| Laboratory Corporation of America<br>Lab fee for glucose tolerance and other tests | $ 474.00 |
| Georgia Foot & Ankle Institute<br>Dr. David Valbuena | $ 821.95 |
| Open MRI of Southeast Georgia<br>MRI of left foot | $ 400.00 |
| Ankle and Foot Associates, LLC<br>and East Georgia Foot & Ankle Center, PC<br>Dr. Howard Gale | $5,218.12<br>$ 200.00 |

Orthopedic Foot and Ankle Center, PC
Treatment by Dr. Steven L. Shapiro       $ 875.57
Permanent impairment rating       $ 500.00

Hangar Prosthetics and Orthotics       $ 120.00
Custom orthotics and boot prescribed by Dr. Shapiro       $ 867.00

Red Wing Shoes       $ 481.48
Flat soled boots per Dr.Shapiro's instructions

Prescription Medications       $ 686.01
Walmart Pharmacy     $  37.23
Forest Heights Pharmacy    $238.34
Kmart Pharmacy       $410.44
(this is an incomplete list)

_____

**TOTAL PAST MEDICAL EXPENSES:**       **$12,595.28**

**PLUS ANTICIPATED FUTURE MEDICAL EXPENSES:**

Midfoot fusion surgery       $70,000.00

Subsequent surgery to remove midfoot fusion hardware       $25,000.00

Additional treatment for chronic pain, possible
future ulcerations and/or infections, additional
attempted midfoot fusion (if there are complications       $50,000.00 to
with the first fusion), osteomyelitis, custom orthotics       $300,000.00 or more
and boots, surgery to address osteomyelitis, including
possible below-the- knee amputation or transmetatarsal
amputation (including rehab and prosthetics).

**Lost Income:**

Plaintiff will supplement this response.

18.

With respect to any payments or benefits which are available or which you have
received (or which were made on your behalf by any source) because of the incident
giving rise to this lawsuit, please state the amount and payee of each benefit, the name
and address of the person, insurance company, corporation, or other entity making

each payment or benefit available, and the nature of each payment or benefit made (i.e., PIP, no-fault benefits, litigation loan or funding company, worker's compensation, group or individual disability benefits, group or individual medical coverage, U.S. or state government, Medicare, Medicaid, Champus, et cetera).

**Plaintiff's Response:**

None.

### 19.

State whether or not you have filed state and federal income tax returns for the preceding five years and, if so, state where each return was filed, the social security or tax number on each return, and the total wages, salaries, tips, et cetera on each return. (If you will voluntarily attach copies of each return or are willing to execute an appropriate authorization for the release of each return you may omit answering this question.)

**Plaintiff's Response:**

Plaintiff objects to Interrogatory number 19 on the grounds that it seeks information that is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence, and was interposed for the purpose of harassment. Plaintiff further objects because Interrogatory number 19 exceeds the scope of permissible discovery in that it seeks information concerning collateral sources of income and other information that is neither admissible at trial nor reasonably calculated to lead to the discovery of admissible evidence. *See, e.g., Southern Ry. Co. v. Hand*, 216 Ga. App. 370 (1995). Although income tax returns are not privileged, they are not automatically discoverable upon a *de minimis* showing of relevancy, *see, e.g., E.H. Siler v. Sanderlin*, 158 Ga. App. 796 (1981); *Ledee v. Devoe*, 225 Ga. App. 620 (1997), and when not

13

clearly required in the interests of justice. *See Borenstein v. Blumenfield*, 151 Ga. App. 420, 421 (1979). Pursuant to the foregoing objections and expressly subject thereto, Plaintiff will not produce income tax records without an appropriate order from the Court. Additionally, if a party seeks production of a joint tax return, the spouse has a privacy right that cannot be waived by another. *See Ledee*, 225 Ga. App. at 625. Without waiving said objections, Plaintiff shows that his copies of prior tax returns were destroyed in a house fire along with most of Plaintiff's other records so he no longer has copies of the prior tax returns.

20.

Separately for each defendant, please set forth in detail each and every act or omission that you contend was a breach of duty on the part of each defendant.

**Plaintiff's Response:**

Discovery is on-going at this time. Plaintiff therefore objects to interrogatory number 20 because facts revealed in discovery may show that Defendant and/or its employees/agents were negligent in one or more ways that Plaintiff is not currently aware of. However, without waiving the foregoing objection and based on the information currently known, Defendant and/or its employees/agents were negligent and violated O.C.G.A. §51-1-1 *et seq.*; O.C.G.A. §51-2-1 *et seq.*; O.C.G.A. §51-3-1 in at least the following ways:

(a) by breaching its legal duty to be diligent and exercise ordinary care in keeping its premises and approaches safe and free from hazards;

(b) by breaching its legal duty to take reasonable precautions to protect invitees like Plaintiff from hazardous conditions which Defendant knew or should have

known about prior to Plaintiff's fall.  See *Robinson v. Kroger Co.*, 268 Ga. 735, 737 (1997);

(c)    by breaching its legal duty to properly inspect its premises and approaches to assure that it was safe for invitees like Plaintiff, or if the premises was so inspected and the hazard which caused Plaintiff to fall was actually known, by failing to correct or repair it;

(d)    by allowing its premises and approaches to fall into disrepair, i.e., by failing to have a cover on the open drainage canal as outlined in Plaintiff's Complaint and in Plaintiff's response to Interrogatory number 3 above (or by permitting it to be uncovered) which, in turn, created the hazard that caused Plaintiff's injury;

(e)    by breaching its legal duty to warn Plaintiff and other people who were legally on Defendant's premises of the hazardous open drainage canal which caused Plaintiff to fall.

21.

For any lost wage or salary claim that you make, please explain how you computed the amount of damages; and state the name and address of your employer at the relevant time, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay, and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

**Plaintiff's Response:**

Plaintiff will supplement this response.

22.

State the complete substance of all conversations which you had with agents or employees of defendant(s) at the time of the occurrence and thereafter.

15

## Plaintiff's Response:

See Plaintiff's responses to Interrogatory numbers 3, 4 and 5 above which are incorporated herein by this reference. Plaintiff promptly reported his fall and the missing drainage grate to Defendant's store manager/cashier who was on duty at that time. Defendant's manager/cashier apologized to Plaintiff for the open drainage canal which had caused Plaintiff to fall, and told him that his fall should be recorded on the store's video surveillance tape. She also told Plaintiff that she was too busy to do anything to correct the hazard at that time.

Plaintiff also called Circle K's office and reported this incident on March 7, 2014. The person that Plaintiff spoke with at the Circle K office directed him to call their area manager – he believes her name is "Wendy" – and he was given her telephone number, (912) 220-5499. Plaintiff then called this woman, who identified herself as Circle K's area manager, and reported this incident to her. She told Plaintiff to go to a doctor to have his injury seen about, and get a new pair of boots (because the fuel/water mix in the open drainage canal had ruined the boots he was wearing at that time) and that Circle K would pay for that. She also told Plaintiff that Circle K would send someone to repair the hole.

### 23.

State your height and weight:

    (a)    at the time of the occurrence; and

    (b)    at the time of answering these interrogatories.

## Plaintiff's Response:

    (a)    6'4" tall; approximately 270 - 275 lbs.

    (b)    6'4" tall; approximately 270 - 275 lbs.

24.

Please describe the clothing and accessories (i.e. bag, glasses, hats, outer-garments), including the shoes and the type of soles on the shoes, you were wearing or had on your person at the time of the occurrence.

**Plaintiff's Response:**

Shirt, pants, underwear, belt, socks, Red Wing steel toe, rubber soled work boots.

25.

If you had any impaired physical or mental condition or disability at the time and place of the incident, including but not limited to congenital, medical, psychological, alcohol- or substance-induced, vision impairment, or otherwise? If so, please explain in reasonable detail.

**Plaintiff's Response:**

None. With respect to vision, see response to Interrogatory 15 above. Although Plaintiff had received medical treatment for his vision for a period of several years before he fell at Defendant's premises, his vision was regularly tested – both in his capacity as a commercial truck driver (which he passed at all times prior to this incident on March 4, 2014) and as part of his medical treatment.

26.

State each fact upon which you base each claim against defendant. (State separately for each defendant, if there is more than one defendant.)

**Plaintiff's Response:**

Discovery is on-going at this time. Plaintiff therefore objects to interrogatory 26 because facts revealed in discovery may show that Defendant and/or its employees/ agents were negligent or acted improperly in one or more ways that

Plaintiff is not currently aware of. However, without waiving the foregoing objection, see Plaintiff's responses to Interrogatory numbers 3, 20 and 22 above which are incorporated by this reference. In addition, as stated in Plaintiff's Complaint - the factual allegations of which are also incorporated by this reference – Defendant knew or should have known of the hazardous open drainage canal on its premises, but failed to repair it or warn customers about it as required by law. Proper inspection and maintenance of Defendant's premises would (or should) have revealed this defective/hazardous condition which Defendant then should have immediately isolated by roping/taping off or placing cones, signs, barriers or other such devices to warn its customers, and then Defendant should have promptly repaired it.

27.

State the name, address, and telephone number of any person who has been to the premises referred to in the complaint on your behalf or behalf of your lawyer after the date of your claimed accident, along with the dates of any such visits to the premises.

**Plaintiff's Response:**

Plaintiff's attorney, Kenneth L. Royal, has been to Defendant's premises since Plaintiff was injured there. Plaintiff believes he returned to Defendant's premises several days after this incident occurred to get a Blimpie sandwich (not fuel), and while there Plaintiff walked over near the area where he had fallen to see if the open drainage canal had been repaired.

28.

Please state all facts upon which you base any claim that cleaning, maintenance,

or inspection was necessary at the location of your claimed fall immediately before your claimed fall.

**Plaintiff's Response:**

Discovery is on-going at this time. Plaintiff therefore objects to interrogatory number 28 because facts revealed in discovery may show that Defendant and/or its employees/ agents were negligent or acted improperly in one or more ways that Plaintiff is not currently aware of. However, without waiving the foregoing objection, see Plaintiff's responses to Interrogatory numbers 3, 20 and 22 above which are incorporated by this reference. In addition, as stated in Plaintiff's Complaint - the factual allegations of which are also incorporated by this reference – the open drainage canal on Defendant's premise constituted a hazardous condition which Defendant should, in the exercise of ordinary care, have known about. Proper inspection and maintenance of Defendant's premises would (or should) have revealed this defective/hazardous condition which Defendant then should have immediately isolated by roping or taping off the area, or by placing cones, signs, barriers or other such things to warn its customers, and then Defendant should have promptly repaired it.

29.

Please state each fact upon which you base any claim that any defective condition existed in the location of your claimed fall immediately before your claimed fall on or about March 4, 2014 and the length of time such condition existed.

**Plaintiff's Response:**

Discovery is on-going at this time. Plaintiff therefore objects to interrogatory number 29 because facts revealed in discovery may show additional facts that Plaintiff is not currently aware of. However, without waiving the foregoing objection, see

Plaintiff's response to Interrogatory numbers 3, 20, 22 and 28 above which are incorporated by this reference. In addition, as stated in Plaintiff's Complaint - the factual allegations of which are also incorporated by this reference – the open drainage canal on Defendant's premise clearly constituted a hazardous condition which Defendant should, in the exercise of ordinary care, have known about. Proper inspection and maintenance of Defendant's premises would (or should) have revealed this defective/hazardous condition which Defendant then should have immediately isolated by roping or taping off the area, or by placing cones, signs, barriers or other such things to warn its customers, and then Defendant should have promptly repaired it.

30.

Please state each reason why you did not see and avoid any alleged substance or other alleged hazardous condition immediately before your claimed fall on or about March 4, 2014.

**Plaintiff's Response:**

See Plaintiff's response to Interrogatory number 3 above. From Plaintiff's line of sight as he refueled his truck, the open drainage canal was located below and on the other side of a "running board" on the truck. Plaintiff's side and/or back were also to the drainage canal as he refueled his truck so he did not see the hole until after he had stepped in it.

31.

Had you walked in the area where you claimed to have fallen before or after March 4, 2014? If so, please identify the dates and times and identify by name, address, and telephone number anyone who accompanied you.

**Plaintiff's Response:**

Plaintiff had been to Defendant's Circle K store on numerous occasions in the months/years before he fell there on March 4, 2014, but prior to that date he had never seen or encountered an open drainage canal or hole there like the one which caused him to fall that day. On the day of his injury, March 4, 2014, Plaintiff had not walked by, over or across the open drainage canal before he stepped in it and fell. Plaintiff believes he returned to Defendant's premises several days after this incident occurred to get a Blimpie sandwich (not fuel) and, while there, he walked over to the area where he had fallen on March 4, 2014 to see if Defendant had repaired the hazard.

32.

Please provide your cell phone number, type of cell phone, and carrier (company that provided your cell phone service) on March 4, 2014.

**Plaintiff's Response:**

Flip phone with Verizon. Phone number (███) ███████

This 9th day of May, 2016.

KENNETH L. ROYAL, PC

BY: _____
KENNETH L. ROYAL
Georgia Bar No. 617415
Attorney for Plaintiff

KENNETH L. ROYAL, PC
Post Office Box 14664
Savannah, Georgia 31416
(912) 351-0084

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day served a copy of the within and foregoing PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF upon all parties concerned by mailing a true copy thereof and depositing same in the United States Mail with sufficient postage thereon to insure proper delivery to each party of record as follows:

Brian W. Johnson, Esq.
Payton D. Bramlett, Esq.
Post Office Box 7600
Atlanta, GA  30357
Attorneys for Defendant

This 9th day of May, 2016.

KENNETH L. ROYAL, PC

BY: _____
KENNETH L. ROYAL
Georgia Bar No. 617415
Attorney for Plaintiff

KENNETH L. ROYAL, PC
Post Office Box 14664
Savannah, Georgia 31416
(912) 351-0084

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

JAMES DALE ALDAY,                    )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )    CIVIL ACTION NO. STCV1600260
                                     )
CIRCLE K STORES, INC.,               )
                                     )
    Defendant.                       )
                                     )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION OF JAMES DALE ALDAY

COMES NOW Plaintiff, JAMES DALE ALDAY, and under oath states that PLAINTIFFS' RESPONSES TO FIRST INTERROGATORIES FROM DEFENDANT CIRCLE K STORES, INC. TO PLAINTIFF are true and correct to the best of his knowledge, information and belief.

This **22nd** day of April, 2016.

                                                  _____
                                                  James Dale Alday

Sworn to and subscribed before me
this **22nd** day of _April_, 2016.

_____
Notary Public

My Commission Expires: _August 16, 2019_

KENNETH L. ROYAL, PC
Post Office Box 14664
Savannah, Georgia 31416
(912) 351-0084

SLOAN EDENFIELD KNUDSON
NOTARY PUBLIC
Chatham County
State of Georgia
My Comm. Expires Aug. 16, 2019

1